# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM THE CZECH REPUBLIC IN THE MATTER OF FILIPOVA | ) ) ) Misc. No. 08- ) |

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Czech Republic. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Czech authorities who are investigating a case of alleged bankruptcy fraud.

EVIDENCE SOUGHT:

The Czech authorities seek information from the Delaware Secretary of State's Office and a company which resides in this District. Thus, the information the Czech authorities seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

>    (a)   The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application

of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in the Czech Republic and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

> Respectfully submitted,
>
> COLM F. CONNOLLY
> United States Attorney
>
> BY: /s/
> David L. Hall
> Assistant U.S. Attorney
> 1007 N. Orange Street
> Wilmington, DE  19801
> (302) 573-6277

Dated: 4/7/08

**District Prosecuting Attorney's Office in Hradec Králové**
Ignáta Herrmanna 227, 502 14 Hradec Králové, Czech Republic
Phone: +420495540135, Fax: +420495514134, E-mail: APumprla@osz.hrk.justice.cz

1 ZT 236/2007-27                                                    Hradec Králové, November 29, 2007

To the Appropriate Authority for Wilmington – New Castle
United States of America

**The accused person, PharmDr. Marie Filipová (Ms.), born on** ▮
**Letter of Request for Assistance in a criminal case consisting in examination of witnesses**
Senior Officer: Mgr. Soňa Bělohlávková (Ms.), State Attorney of the District Prosecuting Attorney's Office in Hradec Králové

In reference to the Contract between the Czech Republic and the United States of America concerning the mutual legal assistance in criminal matters of February 4, 1998,

let me ask you for legal assistance in the criminal proceedings conducted against the accused person

**PharmDr. Marie Filipová,**     born on ▮ at Čeladná, Czech Republic, citizen of the Czech Republic, permanent residence Czech Republic, Frenštát ▮ Czech Republic,

prosecuted by the police authority of the Police of the Czech Republic, District Direction, Criminal Police Service and Investigation in Hradec Králové (Okresní ředitelství, Služba kriminální policie a vyšetřování v Hradci Králové), under reference number ORHK-2931/TČ-80-2006, for a criminal act breach of duty in bankruptcy proceedings according to Section 126 (2) of the Act No. 140/1961 Coll., Penal Code, as amended (Penal Code, as stated below), and further for a criminal act favouritizing a creditor according to Section 256a (1) of the Penal Code.

*Wording of the Provision of Section 126 of the Penal Code of the Czech Republic:*

§ 126

Breach of Duty in Bankruptcy Proceedings

(1) Who after bankruptcy order obstructs or roughly makes more difficult discharge of the bankruptcy trustee, thereby will endanger entire and correct inquest possession inevitable to the bankruptcy essence or realization of this possession, shall be sentenced to a term of imprisonment of not more than three years or less than six months or prohibition to undertake activities or to a pecuniary punishment.

(2) In the same way, the one shall be sentenced, who does not fulfill his statutory obligation to submit a bankruptcy petition.

Legal questions of the property relations ordering of a debtor who is in bankruptcy are solved in the Czech Republic by Act No. 328/1991 Coll., Bankruptcy and Composition Act, as amended.

*Wording of the Provision of Section 1 and Section 3 of the Act No. 328/1991 Coll., Bankruptcy and Composition Act:*

Section 1

(1) The purpose of this act is the property relations ordering of a debtor who is in bankruptcy.

(2) The debtor is in bankruptcy if he has more creditors and is not able to fulfill his mature obligations over a longer period. If the debtor stopped payments, it is supposed, he is not able to fulfill his mature obligations over a longer period.

(3) A natural person, as an entrepreneur, and a juridical person are in bankruptcy even if they are overburdened with debt. It concerns insolvency, if this person has more creditors and if his/its mature obligations are higher than his/its property; if continuing the business activity, gains higher than expenses are to be reasonably supposed, also the expected yield from the continuing business activity shall be added in the evaluation of the debtor's property.

Section 3

Duty to Submit a Petition for a Bankruptcy Order

(1) A juridical person or a natural person if he is - an entrepreneur, who is in bankruptcy, is obliged to submit a bankruptcy petition without undue delay. A juridical person in winding up has this duty only if it is overburdened with debt.

(2) Statutory bodies of a juridical person, a liquidator of a juridical person in winding up, if it is overburdened with debt, and legal representatives of a natural person have the duty in accordance with Subsection 1 too. If persons do not fulfill this duty, they are liable to creditors for damage that arises on this basis to them, unless they proof, they did not caused the damage; if there are more such persons, they are liable jointly and severally.

(3) Duty in accordance with Subsections 1 and 2 is not fulfilled, if the bankruptcy petition proceedings were stayed by the fault of the applicant or if the application was dismissed.

(4) Instead of bankruptcy petition, persons stated in Subsections 1 and 2 may submit a settlement proposal; however, if a settlement was not permitted or acknowledged, they are obliged to submit a bankruptcy petition within 15 days.

*Wording of the Provision of Section 256a of the Penal Code of the Czech Republic:*

Section 256a

Favouritizing a creditor

(1) Who as a debtor, that is not able to fulfill his mature obligations, obstructs, though only partially, the satisfaction of his creditor in the way he advantages another creditor, shall be sentenced to a term of imprisonment of not more than one year or to a pecuniary punishment.

(2) The offender shall be sentenced to a term of imprisonment of six month through three years if he causes a significant damage with the act mentioned in Subsection 1.

(3) The offender shall be sentenced to a term of imprisonment of two years through eight years if he causes an extensive damage with the act mentioned in Subsection 1.

The accused Ms. Filipová was to commit the crime **breach of duty in bankruptcy proceedings according to Section 126 (2) of the Penal Code** in the way, that she

as a sole registered agent for the company CSB Equipments s.r.o. (≈Ltd), company registration number 256 79 325, place of business in the Czech Republic, Hradec Králové, Svobodné Dvory, Chaloupky 11, did not fulfill to February 1, 2005 at the latest, her duty in accordance with Section 3 (1) of the Act No. 328/1991 Coll., Bankruptcy and Composition Act, to submit a petition for a bankruptcy order against the property of the company, though on the date November 1, 2004, she already had cognizance of the company's economic situation and knew, that the company was out of business by way of insolvency in terms of Section 1 (2) of the Act No. 328/1991 Coll., Bankruptcy and Composition Act, for it had more creditors and was not able to cover its mature obligations for a longer time.

The accused Ms. Filipová was to commit the crime **favouritizing a creditor according to Section 256a (1) of the Penal Code** in the way, that she

as a sole registered agent for the company CSB Equipments s.r.o. (≈Ltd), company registration number 256 79 325, place of business in the Czech Republic, Hradec Králové, Svobodné Dvory, Chaloupky 11, though on the date November 1, 2004, she already had cognizance of the company's economic situation and knew, that the company was out of business by way of insolvency in terms of Section 1 (2) of the Act No. 328/1991 Coll., Bankruptcy and Composition Act, for it had more creditors and was not able to cover its mature obligations for a longer time, she (the above-mentioned) paid contrary to the bankruptcy distribution principle on the following dates:
- November 25, 2004, to the company Čechofracht a.s. (≈Inc) for sea transport and international forwarding, place of business in the Czech Republic, Prague 1, Na Příkopě 8/850, invoice financial value amounting to 17,285.90 CZK;
- December 21, 2004, to the company AVARGRAF Sp. z o.o., supposed place of business in Great Britain (United Kingdom), financial value amounting to 12,300.- CZK;
- December 29, 2004, to the company EMPOS Prague s.r.o., place of business in the Czech Republic, Prague 7, Dobrovského 27, financial value amounting to 100,000.- CZK;
- January 10, 2005, to the company AVENGER SALES LLc., place of business in the United States of America, 1220 North Market Street, Suite 606, Wilmington, New Castle, invoice financial value amounting to 253,839.80 CZK,

and in this way she obstructed the satisfaction of a creditor - the company P & P - KONTAKT, s.r.o. (≈Ltd), place of business in the Czech Republic, Brno- Brněnské Ivanovice, Kaštanová 476/70. The company P & P - KONTAKT, s.r.o. carried out transport on the basis of orders of the company CSB Equipments s.r.o., then it counted financial value total amounting to 90,050.- CZK for the services supplied to the company CSB Equipments s.r.o. in three invoices – mature at the time December 6, 2004, through January 27, 2005.

So that it could be possible to continue effectively in the criminal prosecution of the accused person Ms. Marie Filipová on the territory of the Czech Republic, **let me ask you to perform the following actions in the criminal proceedings:**

Let me ask you to perform an examination of the registered agent of the company AVENGER SALES LLc, place of business in the United States of America, 1220 North Market Street, Suite 606, Wilmington, New Castle, in case of need of another person involved in the above-mentioned company that could provide the under-mentioned information and paper. The above-mentioned persons should be examined in procedural status of witnesses.

If it does not oppose the legal order of the United States of America, let me ask you to instruct the witnesses before the examination in accordance with the Rules of Criminal Procedure of the Czech Republic too. The instruction is attached to this letter. Note please the fact, the witnesses were instructed in this way, in the examination report of these witnesses. At the same time I would like to ask you, that the witnesses sign separately each page of the above-mentioned instruction.

*May the witnesses be asked:*

1) What the place of business of the company AVENGER SALES LLc. is, what its line of business is, whether an affiliated branch of this company exists in the Czech Republic, in positive case, what the place of business of this branch is and who its contact man is;

2) Whether the company AVENGER SALES LLc. dealt with the company S'ORNY s.r.o. (≈Ltd), place of business in the Czech Republic, Prague 4 - Chodov, Brodského 1669/14, later renamed to CSB Equipments s.r.o. (≈Ltd), place of business in the Czech Republic, Hradec Králové, Svobodné Dvory, Chaloupky 11;

3) What the business co-operation between the above-mentioned companies concerned (support it by copies of the concluded contracts, please) and in what way this co-operation ran over;

4) Where business dealings took place, who represented the company AVENGER SALES LLc. in so doing and who represented, so who dealt in the name of the company CSB Equipments s.r.o.;

5) Name all the claims, that where paid by the company CSB Equipments s.r.o. during the whole time of co-operation, itemize these paid claims according to reason and amount;

6) Whether on January 10, 2005, financial value amounting to 253,839.80 CZK was paid to the company AVENGER SALES LLc. by the company CSB Equipments s.r.o., in the positive case specify reason of payment, invoice issue date, invoice (claim) maturity date, in case of taking-over of ready money, state, where and by whom this cash was given over, who took it over and the like (make copies of the appropriate account documents, please – e.g. invoices, proofs of payment, costs proofs, statements of account and the like);

7) Whether the company AVENGER SALES LLc. has some up to now outstanding debts against the company CSB Equipments s.r.o., in positive case, in what amount (document it with copies of the appropriate paper again, please,), whether in this connection, they were contacted by anyone from the company CSB Equipments s.r.o.;

8) Whether the economic situation of the company CSB Equipments s.r.o. is known to the witnesses;

9) May the witness expresses himself to the matter according to his own opinion too;

10) If from the examinations of the witnesses the necessity comes out to put them some clarifying questions, do so please, and the wording of the question as well as the answer to the question give in the report please.

In case that a part of your disposal of our request for legal assistance will also be mailing of paper copies, let me ask you to put certification on this copies, that they agree to the originals of the documents.

I thank you for your co-operation



JUDr. Alexandr Pumprla
District Prosecuting Attorney

*Seal of the District Prosecuting Attorney's Office in Hradec Králové*

**Attachment**
Witness' instruction according to Act No. 141/1960 Coll., Rules of Criminal Procedure, as amended, with a translation into English

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST )<br>FROM THE CZECH REPUBLIC )<br>IN THE MATTER OF )<br>FILIPOVA ) | Misc No. 08- |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Czech Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Czech Republic and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Czech authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Czech Republic, which procedures may be specified in the request or provided by the Czech authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Czech authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2008.

_____
United States District Court Judge